**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES REECE,** *Plaintiff* | § § § | |
| | § | A-20-CV-1078-LY-SH |
| **v.** | § | |
| | § | |
| **H.E.B. GROCERY STORE LP, ET AL.,** *Defendants* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and Plaintiff's Motion for Permission to File Electronically (Dkt. 4).[1] The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.  Motion to Proceed *In Forma Pauperis***

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that

---

[1] The Court **GRANTS** Plaintiff's Motion for Permission to File Electronically (Dkt. 4).

1

although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, the Court has conducted a review of the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's claims should be dismissed. Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

## II.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2).

### A.  Standard of Review

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).

**B. Background Facts**

Plaintiff alleges that he entered H.E.B. store No. 455 ("Store 455") in San Antonio, Texas on October 27, 2018 at 8:50 p.m., and immediately was confronted by an "unknown" H.E.B. employee, who told him: "I'm here to tell you it's coming, just wait, you'll see it's coming look into my eyes." Dkt. 1 ¶ 5. Plaintiff alleges that "John Doe," the store manager, then falsely accused Plaintiff of "bothering Gilbert," and told Plaintiff to leave the store or he would call the police. *Id.* After Plaintiff refused to leave, Doe called the police and accused Plaintiff of engaging in criminal activity. Shortly thereafter, City of San Marcos police officer "Defendant Alvarado"[2] arrived, interviewed Doe and "store director" Ashlyn Kay Baker, and issued Plaintiff a Criminal Trespass Warning ("CTW") notifying Plaintiff that if he entered the store again, he could be arrested and charged with a violation of Texas Penal Code § 30.05. Dkt. 3. Plaintiff then left the store.

Plaintiff alleges that before this incident, he had repeatedly requested that Baker investigate alleged employee misconduct, but she failed to do so. Plaintiff alleges that Doe and Baker called the police and had him ejected from the store "in order to silence his ongoing requests made for investigation of employee acts occurring by approval of an HEB policy whose disclosure would endanger Baker's career." Dkt. 1 ¶ 19.

On October 27, 2020, Plaintiff filed this civil rights lawsuit under 42 U.S.C. § 1983 against H.E.B. Grocery Store LP; Charles Butt, President of H.E.B.; Baker; Doe; and Officer Alvarado. Plaintiff alleges numerous constitutional violations, as well as state claims of false imprisonment, intentional infliction of emotional distress, official oppression, and fraud.[3] Plaintiff claims he has

---

[2] Plaintiff's Complaint does not include Officer Alvarado's first name.

[3] Plaintiff alleges that H.E.B. is committing fraud by displaying at its front entrances its "Gun Policy," which states that customers are prohibited from openly carrying handguns in its stores. Plaintiff claims that the policy violates the open-carry provision of Texas Penal Code § 46.035 because H.E.B. is a "public place." Dkt. 1 ¶¶ 22-24.

a liberty interest "to move about at will, to come and go" and enter public places such as H.E.B. stores. Plaintiff alleges that the H.E.B. Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights by falsely accusing him of engaging in criminal activity, detaining him, and causing Officer Alvarado to issue him a CTW, which impedes Plaintiff's ability to "travel to and within a public place." *Id.* ¶ 24. Plaintiff alleges that Officer Alvarado violated his First, Fourth, Fifth, and Fourteenth Amendment rights by detaining Plaintiff and issuing him the CTW.

### C. Analysis

Plaintiff's constitutional claims against H.E.B. and its employees lack any basis in law. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). It is axiomatic that to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). A private citizen's actions, "even if wrongful, do not fall under the ambit of the" Constitution. *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001).

Plaintiff contends that H.E.B. is a "public place." He is mistaken. H.E.B. is a privately held supermarket chain. Accordingly, absent any allegation that the H.E.B. Defendants were "jointly engaged with state officials in the challenged action," Plaintiff fails to state a claim under § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Bertling v. Westrup*, No. SA-18-CV-563-XR, 2018 WL 5016127, at *3 (W.D. Tex. Oct. 16, 2018) (dismissing claims against private citizens "who

4

cannot be subject to liability through a § 1983 claim"). Accordingly, Plaintiff's constitutional claims against Defendants H.E.B., Butt, Baker, and Doe should be dismissed as frivolous.

In contrast to the H.E.B. Defendants, Officer Alvarado is a state actor for purposes of § 1983 liability. Police officers, however, like other public officials, are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The threshold issue in any qualified immunity analysis is "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). Plaintiff has failed to allege a violation of a constitutional right.

Plaintiff alleges that Officer Alvarado violated his substantive and procedural due process rights under the Fourteenth Amendment.[4] "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir.1995). Plaintiff alleges that Officer Alvarado restrained his "liberty to move about at will, to come and go and enter premises of HEB's public place." Dkt. 1 ¶ 53. As noted above, however, Store 455 is not a public place. Although an individual possesses a constitutionally protected liberty interest to visit a public place,[5] "[t]his right plainly does not extend to private property." *Carpenter v. Webre*, No. CV 17-808, 2018 WL 1453201, at *8 (E.D. La. Mar. 23, 2018). Thus, Plaintiff does not have a

---

[4] Plaintiff also alleges that Officer Alvarado violated his Fifth Amendment rights. This claim fails because the Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Officer Alvarado is a state actor; thus, the Fifth Amendment is inapplicable.

[5] *See City of Chicago v. Morales*, 527 U.S. 41, 54 (1999).

constitutional right to enter or remain on private property such as Store 455. Accordingly, Officer Alvarado's issuance of the CTW did not violate Plaintiff's Fourteenth Amendment rights. *See Watkins v. Miller*, 782 F. App'x 770, 773 (11th Cir. 2019) (dismissing Fourteenth Amendment claim as frivolous where plaintiff complained that police officer gave him a trespass warning while he was in a shopping center parking lot because plaintiff "did not have a constitutionally protected liberty interest in remaining on that private property"); *Summers v. Reilly*, 260 F. App'x 725, 726 (5th Cir. 2007) (holding that plaintiff failed to establish that any liberty interest was violated when he was asked to leave a private business office "where he had no legal right to be").

Plaintiff further alleges that Officer Alvarado's questioning and alleged detainment violated his Fourth Amendment rights. The Fourth Amendment protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. Under the Fourth Amendment, a seizure occurs when, under the totality of the circumstances, a reasonable person would have thought he was not free to leave. *Michigan v. Chesternut*, 486 U.S. 567, 572-73 (1988). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has seized that person." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). However, "a seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Fla. v. Bostick*, 501 U.S. 429, 434 (1991). As long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required. *Id.*

Plaintiff's allegations recount a "consensual encounter," not a "seizure" under the Fourth Amendment. *See United States v. Cooper*, 43 F.3d 140, 145 (5th Cir. 1995). As alleged in the Complaint, Officer Alvarado came to the store after H.E.B. employees called police and accused Plaintiff of engaging in criminal activity. Dkt. 1 ¶ 13. Plaintiff admits that he chose to stay at the store and wait for police to arrive in order to defend himself against these accusations. *Id.* ¶ 25.

Once Officer Alvarado arrived at the scene, he spoke with Plaintiff and the H.E.B. employees, then issued Plaintiff the CTW. Plaintiff then left the store. Plaintiff does not allege that Officer Alvarado ever physically restrained him or told him that he could not leave the store. Under these circumstances, the Court finds that Officer Alvarado's questioning and issuance of the CTW was not a seizure under the Fourth Amendment. *See Watkins*, 782 F. App'x at 774 (finding that officer's questioning of plaintiff and issuance of CTW was a consensual encounter that did not violate the Fourth Amendment); *Summers*, 260 F. App'x at 726 ("[A] person who is peaceably asked to leave, and then peaceably escorted from, private property by authorized personnel has not been detained or arrested in any recognizable sense."); *Bhombal v. Irving Indep. Sch. Dist.*, No. 3:17-CV-2583-B, 2018 WL 2127760, at *3 (N.D. Tex. May 9, 2018) (holding that the issuance of a CTW was "not an arrest within the meaning of the Fourth Amendment").

Even if the encounter could be classified as a seizure, the Court finds that it was reasonable under the totality of the circumstances. *See United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) ("Police officers may briefly detain individuals on the street, even though there is no probable cause to arrest them, if they have a reasonable suspicion that criminal activity is afoot."); *Smith v. Machorro*, No. 3-07-CV-1547BD, 2008 WL 656500, at *4 (N.D. Tex. Mar. 12, 2008) (finding no Fourth Amendment violation where plaintiff was issued a CTW and briefly detained by an officer while he was investigating a complaint involving possible criminal activity). Accordingly, Plaintiff has failed to allege a violation of his Fourth Amendment rights.

Plaintiff's First Amendment claim also fails. The First Amendment protects the "right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984). Plaintiff alleges that Officer Alvarado violated his First Amendment rights by restricting his ability to travel

and move "within a public place." Dkt. 1 ¶ 24. Such allegations do not state a violation of the First Amendment; rather, Plaintiff merely recasts his Fourteenth Amendment claims as First Amendment claims. The Court has rejected Plaintiff's theory that he has a liberty interest in entering H.E.B. stores.

Plaintiff also alleges that Officer Alvarado violated his First Amendment rights by denying him "access to courts." *Id.* Plaintiff fails to plead any facts describing how Officer Alvarado restricted his access to the courts. *See Medearis v. Eyonmfon*, No. CV G-17-0188, 2018 WL 3636583, at *2 (S.D. Tex. July 27, 2018) (rejecting plaintiff's conclusory claim that defendant violated his First Amendment rights where plaintiff failed to set forth any factual allegations supporting such a claim). Accordingly, Plaintiff has not stated a viable First Amendment claim.

Plaintiff has failed to state a viable federal cause of action. Because he has failed to state a non-frivolous federal cause of action on which relief may be granted and there is no valid independent basis for federal jurisdiction, the undersigned recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (stating that 28 U.S.C. § 1367 "authorizes a court to decline supplemental jurisdiction over a state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction").

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** James Reece's claims under 42 U.S.C. § 1983 as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). The undersigned **FURTHER RECOMMENDS** that the District Court decline to exercise jurisdiction over Plaintiff's supplemental state claims and **DISMISS** Plaintiff's state claims **WITHOUT PREJUDICE**.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 7, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE